Filed 12/6/21  P. v. Hill CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM C. HILL,<br><br>    Defendant and Appellant. | C093586<br><br>(Super. Ct. No. 19FE020419) |

Appointed counsel for defendant William C. Hill filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

1

FACTS AND HISTORY OF THE PROCEEDINGS

On November 9, 2019, defendant threatened the victim in front of her house by wielding a hammer above his head and making verbal threats.

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)); statutory citations that follow are to the Penal Code); with the enhancement he inflicted great bodily injury (§ 12022.7, subd. (a)); making criminal threats (§ 422), with the enhancement he personally used a deadly weapon (§ 12022, subd. (b)(1)); assault with a deadly weapon (§ 245, subd. (a)(1)); and misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)). It was also alleged defendant had two prior strikes (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)).

On October 28, 2020, defendant filed a motion to dismiss his counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which motion the trial court denied.

On November 5, 2020, defendant pleaded no contest to assault with a deadly weapon and admitted one prior strike. On December 17, 2020, the trial court sentenced defendant, in accordance with the plea, to two years (low term), doubled to four years for the strike prior. The remaining counts and allegations were dismissed. The trial court awarded 808 days of custody credit, struck all nonmandatory fines, and imposed a $300 restitution fine, but converted all imposed fines and fees to nine days of actual time and ran that concurrent to the time imposed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
HULL, Acting P. J.

We concur:

　　　　　　　　　　　　　
HOCH, J.

　　　　　　　　　　　　　
KRAUSE, J.